UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIA-MARIE JAZZ SCOTT, | ) | CASE NO.  1:23-cv-01765 |
| Plaintiff, | ) ) ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | **OPINION AND ORDER OF REMAND** |
| Defendant. | ) ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jennifer Dowdell Armstrong recommending that the Commissioner of Social Security's ("Commissioner") final decision be vacated and remanded.  (Doc. No. 10.)

Under the relevant statute:

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (flush language).

The Magistrate Judge issued the R&R on July 15, 2024.  (Doc. No. 10.)  No party filed an objection.  The Magistrate Judge found the Administrate Law Judge ("ALJ") did not appropriately evaluate Ms. Scott's migraine headaches.  (*Id.* at PageID #1463.)  First, the Magistrate Judge found the ALJ's conclusion that Ms. Scott's migraines did not meet or medically equal the requirements of Listing 11.02(B) or (D) was not supported by substantial evidence.  (*Id.* at PageID #1470.)  Second, the Magistrate Judge found that the ALJ did not

afford Ms. Scott her procedural due process rights. (*Id.* at PageID #1471.) During the hearing, the ALJ allocated fifteen minutes to Ms. Scott's testimony, which was insufficient time to cover testimony regarding her migraines. (*Id.* at PageID #1474–75.) The ALJ denied Ms. Scott's requests for a supplemental hearing to supply that testimony. (*Id.* at PageID # 1475.) Without Ms. Scott's testimony on that matter, the ALJ could not appropriately evaluate Ms. Scott's ability to work. (*Id.*) Further, the Magistrate Judge found that the inability to testify to the migraines she suffered exacerbated the lack of substantial evidence to support the ALJ's determination that Ms. Scott's migraines did not satisfy Listing 11.02. (*Id.*) Lastly, the Magistrate Judge found the ALJ's finding that Ms. Scott could perform her past relevant work unsupported by substantial evidence. (*Id.* at PageID #1480.) From the foregoing, the Magistrate Judge recommended vacating the Commission's final decision and remanding the matter for further proceedings for further development of the record. (*Id.*)

In cases where the ALJ's legal reasoning or consideration of evidence in social security benefits determinations warrant a remand, the established practice is to remand to the Commissioner of Social Security. *See, e.g.*, *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 548 (6th Cir. 2020) (remanding to the Commissioner where the ALJ failed to properly consider a function capacity evaluation in denying social security benefits); *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 534 (6th Cir. 2014) (vacating and remanding case to the Commissioner for further proceedings after finding the ALJ's error "was not harmless" and "call[ed] into question many of the ALJ's conclusions regarding other evidence in the record.").

Having heard no objection from either party, the Court ADOPTS the Report and Recommendation, VACATES the final decision of the Commissioner, and REMANDS this

matter to the Commissioner for further proceedings consistent with the Report and

Recommendation.

    **IT IS SO ORDERED.**

**Date**:  August 6, 2024

                                            BRIDGET MEEHAN BRENNAN
                                            UNITED STATES DISTRICT JUDGE